■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTONIO ABRAHAM, Appellant.— Judgment of the Supreme Court, New York County, Centralized Special Narcotics Part, rendered August 13, 1973 in a Queens County case, affirmed. We have considered the validity of article 5-B of the Judiciary Law and find it valid (see *People* v. *Cornick*, 75 Misc 2d 169). Hopkins, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT AGHABEKIAN and MICHAEL AGHABEKIAN, Appellants.— Appeals by defendants from two judgments (one as to each defendant) of the Supreme Court, Queens County, both rendered February 14, 1973, convicting them of assault in the second degree, after a nonjury trial, the sentence as to appellant Albert Aghabekian being probation for five years and that as to appellant Michael Aghabekian being a prison term not to exceed three years. Judgments reversed, on the law and the facts and as a matter of discretion in the interest of justice, and indictment dismissed. In our view, the evidence failed to establish guilt beyond a reasonable doubt. The testimony as to how the incident in question began was extremely equivocal and it cannot be concluded beyond a reasonable doubt that appellants were the aggressors. A finding that they and their codefendant were the aggressors is inconsistent with the fact that they called the police and remained on the scene until their arrival. This, coupled with the fact that the complainant pled guilty to having possession of a pistol during the incident, indicates that the People failed to meet their burden of proving guilt beyond a reasonable doubt (see *People* v. *Sohn*, 43 A D 2d 716). Gulotta, P. J., Martuscello, Latham, Cohalan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FELICE CASSESE, Appellant.— Judgment of the Supreme Court, Queens County, rendered November 27, 1973, affirmed (*People* v. *Clairborne*, 29 N Y 2d 950). Hopkins, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.